UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SABRA GALVAN, | ) |
|        Plaintiff | ) ) ) |
| v. | ) )   1:15-cv-00283-JAW |
| SUSANNE LEVASSUER, | ) ) ) |
|        Defendant | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS
AMENDED COMPLAINT (ECF NO. 29)**

This matter is before the Court on Defendant Susanne Levasseur's Motion to Dismiss Amended Complaint. (ECF No. 29.) Plaintiff has not filed an opposition to the motion.[1]

After review of the motion and the amended complaint, I recommend the Court grant Defendant's motion.

**Background Facts**

In her original complaint, Plaintiff sets forth a list of claims related to her tenancy at property owned by Defendant. (Complaint at 2, ECF No. 1.) Within the list of claims, Plaintiff asserted that she was injured as the result of Defendant's failure to address an unsafe condition on

---

[1] Defendant filed the motion on March 18, 2016. In the motion, Defendant certified that the motion was sent to Plaintiff at 7 Wellesley Way, Bangor, Maine, the address Plaintiff provided to the Court in her amended complaint. (ECF No. 23.) Although recent mail sent to that address has been returned to the Court as undeliverable (ECF No. 30), Plaintiff has not informed the Court of a change of address. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also Information for Pro Se Parties, Responsibilities of the Pro Se Litigant* ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online).

the property, and that Defendant failed to accommodate an unspecified disability and discriminated against Plaintiff regarding the properties Defendant made available to Plaintiff. (*Id.*)

On February 1, 2016, as permitted by the Court, Plaintiff amended her complaint. (Amended Complaint, ECF No. 23.) In her amended pleading, Plaintiff alleges Defendant promised her that she could purchase the property located at 131 Betts Road, Orrington, Maine. Plaintiff attached to the amended complaint a purchase and sale agreement that Plaintiff alone signed, an apartment lease agreement dated November 1, 2014, and a 30-day notice to quit dated June 29, 2015. Plaintiff's allegations and the attachments to the amended complaint suggest that Plaintiff moved into the property with her family and that Defendant, acting on behalf of the landlord, served Plaintiff with a notice to quit because Plaintiff was sharing the premises with individuals who were not part of Plaintiff's family.[2]

Plaintiff alleges violation of the Sixth Amendment, breach of quiet enjoyment, and wrongful lease termination.

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action based on "lack of subject matter jurisdiction." "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* — U.S. —, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). Unless Plaintiff alleges an actionable claim under

---

[2] In her amended complaint, Plaintiff also asserts that she broke her back and had spinal surgery before she moved into the property. Plaintiff, however, does not directly assert a claim related to her back condition.

federal law, or a claim between citizens of different states that exceeds $75,000, this Court would lack jurisdiction over the Plaintiff's action.  *See* 28 U.S.C. §§ 1331, 1332.

In addition, Federal Rule of Civil Procedure 12(b)(6) authorizes a party to seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted."  In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome a motion to dismiss for failure to state a claim, a plaintiff must establish that her allegations raise a plausible basis for a factfinder to conclude that the defendant is legally responsible for the claims at issue. *Id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim"). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*  Consequently, in assessing whether a plaintiff has asserted a cause of action, a court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

**Discussion**

Through her motion to dismiss, Defendant argues that the Court lacks jurisdiction over Plaintiff's claims, and that Plaintiff has not asserted facts that would support a claim against her for action she took on behalf of the landlord.

As mentioned above, Plaintiff has not filed an opposition to the motion to dismiss. Failure to oppose a motion to dismiss is deemed a waiver of objection. D. Me. Loc. R. 7(b). Plaintiff's amended complaint, therefore, is arguably susceptible to dismissal based on Plaintiff's lack of opposition to the motion. Regardless of whether Plaintiff filed an opposition to the motion, because the Court lacks jurisdiction over the claims as alleged or has otherwise failed to state an actionable claim, dismissal of Plaintiff's federal claims is warranted.

1. *Plaintiff's potential federal claims*

Title 28 U.S.C. § 1331 provides: "The district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's claims for wrongful termination of her lease and breach of quiet enjoyment are not claims that arise "under the Constitution, laws, or treaties of the United States." Plaintiff, however, purports to assert a claim for a violation of the Sixth Amendment. The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

The plain language of the Amendment and case law establish that the Sixth Amendment applies only to criminal proceedings. *See United States v. Ward*, 448 U.S. 242, 248 (1980) ("[T]he protections provided by the Sixth Amendment are available only in 'criminal prosecutions.'");

*Muyubisnay-Cungachi v. Holder*, 734 F.3d 66, 72 (1st Cir. 2013) (holding that the Sixth Amendment did not apply to deportation proceedings because such proceedings are civil rather than criminal). Plaintiff, therefore, cannot state a claim in this civil action based on a violation of the Sixth Amendment.

Finally, to the extent Plaintiff attempted to assert a claim under federal law based on her medical condition, Plaintiff has alleged no facts which would support a federal housing or disability claim. That is, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### 2. *State law claims in diversity*

Title 28 U.S.C. § 1332 provides in relevant part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between …. citizens of different States." 28 U.S.C. § 1332(a)(1). At the time Plaintiff filed the amended complaint, she listed her address as 7 Wellesley Way in Bangor, Maine. Although Plaintiff did not identify Defendant's address in the amended complaint, in the caption of her original complaint, Plaintiff asserted Defendant's address as 4 Union Street in Bangor, Maine. (ECF No. 1.) In addition, based on Plaintiff's description in the amended complaint of Defendant's alleged conduct, one can reasonably infer that Defendant was a resident of Maine. Because both Plaintiff and Defendant were domiciled in Maine when Plaintiff asserted this action, Plaintiff cannot rely on the Court's diversity jurisdiction to maintain her action in federal court. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant.").

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's Motion to Dismiss (ECF No. 29), and dismiss Plaintiff's amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2016.